**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 26-cr-40034-SMY** |
| | ) | |
| **JACOB WAYNE ELLIS-DUNCAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant's Motion to Reconsider Order of Detention. Doc. 17. The Government filed a Response. Doc. 19. As explained further, the motion is DENIED.

Defendant was indicted in this District on July 8, 2026 and arrested in Paducah, Kentucky on July 29, 2026. Docs. 1, 6. Defendant requested that his detention hearing be held in Western District of Kentucky. Doc. 5-1, p. 2. Defendant represented to the Court that pending trial, he could reside at his uncle's residence in Marion, Illinois (the "proposed residence"). Defendant's uncle testified at the detention hearing on Defendant's behalf. Doc. 5-2. Magistrate Judge Lanny King found that no condition or combination of conditions would reasonably assure the safety of the community if Defendant was not detained pending trial. *Id.*; Doc. 5-3, p. 3. Included within his Analysis and Statement of the Reasons for Detention, Magistrate Judge King noted:

> The evidence is strong that the Defendant distributed child pornography from the same residence proposed as a home

> placement. At the time of the hearing, pretrial services had not had the opportunity for a home visit to determine if the placement was suitable. While the offenses in the Indictment date to 2025, the US proffered evidence that his phone seized subject to a search warrant in April of 2026 contained 86 videos and 30 additional images containing child pornography.

Doc. 5-3, p. 3. During the detention hearing, Magistrate Judge King stated that his decision "leaves open a door for a motion to reconsider in the charging district should a home visit [at the proposed residence] be conducted there."

Defendant now requests that the undersigned reconsider the Order of Detention, order the US Probation Office to conduct a home visit to determine if the Marion, Illinois address is suitable, and set this matter for a hearing. Detention hearings "may be reopened" if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of whether bond is appropriate. 18 U.S.C. §3142(f)(2)(B). Defendant contends that if the proposed residence is approved, such approval will be new information. The undersigned is not persuaded by this argument. No new information exists. Moreover, regardless of whether the proposed residence is approved by Probation, the evidence identified by Magistrate Judge King (strong evidence that Defendant distributed child pornography from the proposed residence, and numerous child pornography videos and images contained on Defendant's seized phone in April 2026) still weighs in favor of detention. Approval of the physical residence would not have a material bearing on the detention analysis. Therefore, Defendant's Motion to Reconsider (Doc. 17) is DENIED.

**IT IS SO ORDERED.**

**DATED: October 7, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**