**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cr-40034-SMY** |
| | ) | |
| **JACOB WAYNE ELLIS-DUNCAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

**YANDLE, Chief District Judge:**

Pending before the Court is Defendant Jacob Wayne Ellis-Duncan's Motion for *De Novo* Review and Reconsideration of Detention (Doc. 21), which the Government opposes (Doc. 22). For the following reasons, the Motion is **DENIED**.

## Background

On July 8, 2026, Ellis-Duncan was charged with four counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Ellis-Duncan appeared before Magistrate Judge Lanny King for a detention hearing in the Western District of Kentucky (Doc. 5). In his oral ruling, Judge King relied on the fact that Ellis-Duncan was living at the proposed home placement at the time of the allegations in the indictment and on evidence that Ellis-Duncan had significant amounts of child pornography in his possession when agents executed a search warrant at his residence in April 2026 (Doc. 5-2). Judge King noted that he did not have the benefit of a home study, which he said left open a door for a motion to reconsider in the charging district. *Id.* He found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community due to the

nature of the charged offenses, including the strength of the evidence, his lack of a stable residence, and the evidence connection the proposed residence to the charged conduct (Doc. 5-3 at 3).

Ellis-Duncan subsequently moved to reconsider detention and asked the Court to direct Probation to conduct a home study of the same Marion residence (Doc. 17), which the Government opposed (Doc. 19). On October 7, 2026, Magistrate Judge Reona J. Daly denied reconsideration, concluding no new information existed and approval of the physical residence would not materially affect the detention analysis in light of the evidence identified by Judge King (Doc. 20 at 2). Ellis-Duncan now moves for *de novo* review.

**Discussion**

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Pursuant to § 3145(b), the district court conducts a *de novo* review and need not defer to the magistrate's findings. *See United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985). The district court's review of the magistrate judge's decision may be conducted either by reviewing the transcript of the testimony heard by the magistrate judge or by holding a new hearing. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991). This Court has reviewed all related submissions and the transcript of the reconsideration hearing and finds that a new hearing is unnecessary.

Ellis-Duncan asserts that the lack of a home study resulted in incomplete information for the Court in the original detention decision. He further contends a home study and Probation's determination of its ability to supervise him is new information that has "material bearing" on the issue of detention. He requests this Court conduct a de novo review of the detention order and order Probation to conduct a home study to determine if release would be appropriate.

Detention hearings "may be reopened" if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of whether bond is appropriate. 18 U.S.C. §3142(f)(2)(B). Here, Ellis-Duncan's request for de novo review is properly considered under § 3145(b), not under the narrower reopening standard in § 3142(f)(2). There is no new information presented in this case. The proposed residence is not new – Judge King was aware of the residence at the original detention hearing. Thus, approval of the physical residence would not have a material bearing on the detention analysis.

Under the Bail Reform Act of 1984, a defendant shall not be detained pretrial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e); *see United States v. Portes,* 786 F.2d 758, 765 (7th Cir. 1985). The Government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985). In determining whether the Government has carried its burden, the court shall consider: (1) the nature and circumstances of the offense (including whether the offense is a crime of violence or involves narcotics); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including family and community ties, employment, financial resources, past conduct, criminal history, whether person was on parole or probation at time of offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Ellis-Duncan argues there is no evidence that he presents a danger to any person or community if released. The Court disagrees. Despite his lack of convictions and family support, the remaining factors favoring detention remain and weigh heavily in that direction. Ellis-Duncan

is charged with four counts of distributing child pornography, offenses involving minor victims for which Congress has created a rebuttable presumption against release. The weight of the evidence is strong, including evidence that Ellis-Duncan distributed child pornography from the proposed residence and numerous child pornography videos and images contained on his seized phone in April 2026. Based on the totality of the circumstances, including the charged conduct, the strength of the evidence, the continued possession of child pornography reflected in the April 2026 phone seizure, and his familiarity with encrypted and anonymizing technology, there are no condition or combination of conditions that would reasonably assure the safety of the community.

Upon careful review of the record, the Court concludes the Government has met its burden of proving that the Defendant is a danger to the community. Accordingly, the Order of Detention (Docs. 5-3, 9) previously entered in this case remains in full force and effect.

**IT IS SO ORDERED.**

**DATED: November 6, 2026**



**STACI M. YANDLE**
**Chief United States District Judge**